McDONALD, Justice,
concurring.
This case became complicated because of the sale, after seizure, of the vehicle from one state agency, the Florida Highway Patrol, to another, the Department of Transportation. DOT spent moneys in repairing and making usable the vehicle and its efforts to protect its expenditures led to the delay in the return of the vehicle. Be that as it may, it is evident that the Hales were deprived of their vehicle for a period of two years after a determination that it should be returned to them. I agree that under these unique circumstances, the Hales may make a claim for loss of use of the vehicle commencing on the date of the first order to return the vehicle.
*264 I note that the Hales seek the value of the vehicle when originally seized, loss -of use, interest, and attorney’s fees. Because the claim is based on inverse condemnation, and not a tort, their damages cannot exceed the value of the vehicle when seized, plus interest and attorney’s fees. Because they now have the vehicle, the damages are actually limited to loss of use, plus prejudgment interest. Those damages cannot exceed the value of the truck when taken plus interest on that amount. Attorney’s fees are a separate recoverable item in inverse condemnation cases.
The Department of Transportation may claim funds for betterment of the vehicle.
OVERTON, J., concurs.